```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA

            -against-                      MEMORANDUM AND ORDER
                                           05-CR-0237(S-1)(DRH)
CHRISTOPHER MCCABE,
     also known as "Moose,"
JAMES MAINELLO,
     also known as "Jimmy Balls,"
GLENN GUADAGNO,
GLENN GUADAGNO, Jr.,
     also known as "Glenn Jr."
     and "Junior,"
BENJAMIN GARCIA,
     also known as "Benji,"
VICTOR TORRES,
     also known as "KV,"
ONEIL PEREZ,
     also known as "Green Eyes,"
     and
MIGUEL CORDOVA,
     also known as "Marky,"

                Defendants.
----------------------------------X
A P P E A R A N C E S:

For the Government:
     Roslynn R. Mauskopf
     United States Attorney
     Eastern District of New York
     610 Federal Plaza
     Central Islip, New York 11722
       By: James Miskiewicz, A.U.S.A.

For Defendant Christopher McCabe:
     Federal Defender's Division
     Legal Aid Society
     410 Federal Plaza
     Central Islip, New York 11722
       By: Randi Chavis, Esq.

For Defendant James Mainello:
     Reynolds, Caronia, Gianello,
     Hagney, La Pinta & Hargraves
     35 Arkay Drive - Suite 200
     Hauppauge, New York 11788
       By: Anthony M. La Pinta, Esq.
```

```
For Defendant Glenn Guadagno:
     Charles Carnesi, Esq.
     1225 Franklin Avenue
     Garden City, New York 11530

For Defendant Glenn Guadagno, Jr.:
     Paul W. Bergrin, Esq.
     572 Market Street
     Newark, New Jersey 07105

For Defendant Benjamin Garcia:
     Edward P. Jenks, Esq.
     332 Willis Avenue
     Mineola, New York 11501

For Defendant Victor Torres:
     Geoffrey S. Stewart, Esq.
     350 Broadway, Suite 700
     New York, New York 10013

For Defendant Oneil Perez:
     Frank Murphy, Esq.
     32 Bohack Court
     Sayville, New York 11782

For Defendant Miguel Cordova:
     John Carman, Esq.
     666 Old Country Road - Suite 501
     Garden City, New York 11530
```

HURLEY, District Judge

Pending before the Court are three severance motions, to wit (1) the motion of defendant Glenn Guadagno, Jr. ("Guadagno, Jr.") to sever the trial of Count One from the other five counts in the indictment, and to be tried separately from the other two defendants named in Count One; (2) the motion by defendant Christopher McCabe ("McCabe") to sever Count One from Counts Two through Six and to sever Count Five from Counts Two, Three, Four, and Six; and (3) the motion of Miguel Cordova

("Cordova") to sever Count Five from Counts One, Two, Three, Four, and Six.

BACKGROUND

Count One alleges a robbery conspiracy in violation of 18 U.S.C. § 1951(a), said to have occurred between October 2004 and March 2005. McCabe, along with James Mainello ("Mainello") and Guadagno, Jr., are named in that count.

Counts Two, Four, and Six charge McCabe and Glenn Guadagno ("Guadagno") (the father of Guadagno, Jr.) with conspiracy to use extortionate means to collect an extension of credit (1) from John Doe #2 between July and August 2004, (2) from John Doe #3 between July and September 2004, and (3) from John Doe #5 between August and December 2004, respectively, in violation of 18 U.S.C. § 894(a)(1).

Count Three charges McCabe and Guadagno with an extortionate collection of credit against John Doe #2 on August 4, 2004 in violation of 18 U.S.C. § 894(a)(1). Count Five alleges an extortion conspiracy in violation of 18 U.S.C. § 1951(a) between September and November 2004 and names all of the defendants with the exception of Mainello and Guadagno, Jr.

Based on the representations made by the prosecution, as well as the moving defense attorneys following extensive discovery, it appears that the Hobbs Act conspiracy charged in Count One involved a scheme "to commit a robbery in the home of a

Long Beach business owner, whom the defendants [viz. McCabe, Guadagno, Jr., and Mainello] believed possessed approximately $500,000 in cash." (Gov't's Mem. Opp'n at 3; see also Randi L. Chavis, Esq., ("Chavis") (attorney for McCabe) Decl. at 3.) In Counts Two, Four, and Six, defendants McCabe and Guadagno are charged with being members of a conspiracy, the goal of which was to collect sums due from delinquent borrowers by extortionate means; in Count Three, the same defendants are charged with actually using such means for that purpose. Count Five, like Count One, charges a Hobbs Act conspiracy under 18 U.S.C. § 1951(a), with the object of the Count Five conspiracy being "to extort money from a . . . real estate development firm based [upon] the wrongful use of actual and threatened force, violence[,] and fear." (Gov't's Mem. Opp'n at 3; see also Chavis Decl. at 3 ("In Count Five, the government alleges that [the named defendants were] involved in an extortion scheme aimed at obtaining construction related contracts at a residential and commercial development project in Rockaway, New York").) In furtherance of that scheme, a project manager at "the construction site was assaulted on October 18, 2004" by one of the conspirators. (Chavis Decl. at 3.)

## DISCUSSION

1. <u>Applicable Law</u>

Federal Rule of Criminal Procedure 8 provides:

> (a) <u>Joinder of Offenses</u>.  The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged — whether felonies or misdemeanors or both — are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
>
> (b) <u>Joinder of Defendants</u>.  The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.  The defendants may be charged in one or more counts together or separately.  All defendants need not be charged in each count.

Rule 14(a) reads:

> (a) <u>Relief</u>.  If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Where multiple defendants and multiple charges are contained in one accusatory instrument, as here, subdivision (b) of Rule 8 governs the propriety of joinder.  <u>Unites States v. Turoff</u>, 853 F.2d 1037, 1043 (2d Cir. 1988).  As explained by the Second Circuit in <u>Turoff</u>:

> The effect of construing Rule 8 in this fashion is that multiple defendants cannot be tried together on two or more 'similar' but unrelated acts or transactions; multiple defendants may be tried together only if the charged acts are part of a "series of acts or transactions constituting an offense or offenses."

Id.

If it is determined that joinder is improper under Rule 8, a severance must be ordered. But even if counts and defendants are properly joined, the Court may still order separate trials if the failure to afford such relief "appears to prejudice a defendant . . . ." Fed. R. Cr. P. 14(a). However "when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). Moreover, a defendant seeking a Rule 14 severance predicated on a claim of "prejudicial spillover bears an extremely heavy burden." United States v. Friedman, 854 F.2d 535, 563 (2d Cir. 1988).

With the above principles in mind, attention will now be turned to the severance applications directed at Counts One and Five.

2. Count One Shall be Tried Separately From Other
   Counts in the Indictment

A juxtapositioning of the charging language in Count One with the corresponding language in the other counts indicates that Count One should be tried separately. Indeed, from the face of the indictment at least, the only similarity between Count One and Counts Two, Three, Four, Five, and Six is that defendant

McCabe is charged in all, clearly an insufficient predicate for joinder. The misjoinder evident from a reading of the indictment is not cured via reference to the extrinsic materials cited by the parties. No suggestion has been made that any defendant, other than those named in Count One, was involved in the planning or execution of the scheme, or that any such other individual would have received a portion of the proceeds had the plan been successful. Nor has the government proffered that there is some type of overarching link between the home-invasion plan and the conduct embraced within the other counts of the indictment. Under the circumstances, it is obvious that Count One was improperly joined with those other counts and must be tried separately. Parenthetically, the government does not vigorously contend to the contrary.

Defendant Guadagno, Jr. seeks to further parse Count One by requesting that he be tried separately from Mainello and McCabe. That application, presumably made pursuant to Rule 14(a), is vigorously contested by the government, and legitimately so. In seeking such relief, Guadagno, Jr. "submits that same is warranted, due to the prejudicial spillover of evidence that relates to [his] Co-defendants as compared to the proffer of evidence produced by the Government against [him]." (Paul W. Bergrin, Esq., Letter Br. Supp. at 4.) But such purported disparity of proof, standing alone, is insufficient to

justify Guadagno, Jr. from being tried separately from his alleged co-conspirators McCabe and Mainello. See United States v. Vega, 309 F. Supp. 2d 609, 614-15 (S.D.N.Y. 2004) and cases cited therein.

In sum, defendants Guadagno, Jr., Mainello and McCabe will be tried together, but separately from the other defendants and charges contained in the indictment.

3. Count Five Shall be Tried Separately; Counts Two, Three, Four, and Six Will be Tried Together but Separate From Counts One and Five

All defendants other than Guadagno, Jr. and Mainello (who are only named in Count One) are named as defendants in Count Five. From a reading of the remaining counts (i.e. all counts minus Count One), together with the government's proffer and the discovery-based information furnished by movants, it appears that, while the "loansharking business [charged] in Count[s] II, III, IV, and VI are part of a common plan or course of conduct" and, thus, properly joined, those counts are unrelated to the Count Five extortion conspiracy pursuant to which the conspirators sought, via force and the threat of force, to obtain construction contracts for a project in Far Rockaway. (Def. Cordova Mem. Supp. at 2-3.)

The only significant linkage between the conspiracy alleged in Count Five and the substantive and conspiratorial extortionate collection of credit conduct charged in Counts Two,

Three, Four, and Six is that McCabe and Guadagno are named in all of the counts.  But that nexus, without more, is insufficient to justify joinder under Rule 8(b).  Accordingly, Count Five will be tried separately from Counts Two, Three, Four, and Six.  The latter counts will be tried together at another separate trial.

## CONCLUSION

For the reasons indicated: (1) Count One is severed from the other counts in the indictment; (2) the three defendants in that count will be tried together, however, not separately as requested by Guadagno, Jr.; (3) Count Five shall be tried separately; and (4) Counts Two, Three, Four, and Six shall be tried together but separately from Counts One and Five.

SO ORDERED.

Dated: Central Islip, New York
       October 19, 2006

_____/S/_____
DENIS R. HURLEY, U.S.D.J.